## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **JARED MORSS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MCDONALD'S CORPORATION**<br>Serve Registered Agent:<br>The Prentice-Hall Corp. System, Kansas Inc.<br>200 S.W. 30th Street<br>Topeka, KS 66611<br><br>**And,**<br><br>**MCDONALD'S USA LLC (McOpCo)**<br>Serve Registered Agent:<br>Corporation Service Co.<br>200 SW 30TH ST, TOPEKA, KS 66611<br><br>**And,**<br><br>**MCDONALD'S**<br>**RESTAURANTS OF KANSAS, INC.**<br>Serve Registered Agent:<br>The Prentice-Hall Corp. System, Kansas Inc.<br>534 S. Kansas Avenue, Suite 1108<br>Topeka, KS 66603<br><br>    **Defendants.** | **Case No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, Jared Morss ("Plaintiff"), by and through his attorneys, and alleges the following against Defendants McDonald's Corporation ("Mc Corp.," McDonald's USA LLC ("Mc USA"), and McDonald's Restaurants of Kansas, Inc. ("Mc of KS"):

## NATURE OF THE CLAIM

1.      This action for legal and equitable relief arises under, and the jurisdiction of this Court is invoked pursuant to, § 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)5(f) (3), (hereinafter referred to as "The Act"), 28 U.S.C. § 1331 (federal question), and the Civil Rights Act of 1991.

## PARTIES

2.      Plaintiff is a male citizen of the United States.

3.      At all times relevant herein, Plaintiff was employed by Defendants Mc Corp., Mc USA, and Mc of KS. at their location on 199 North Parker Street in Olathe, Kansas.

4.      Based on information and belief, Defendant Mc Corp. employs more than five hundred employees.

5.      Defendant Mc Corp. is a corporation authorized and doing business in the state of Kansas.

6.      Based on information and belief, Defendant Mc USA employs more than five hundred employees.

7.      Defendant Mc USA is a corporation authorized and doing business in the state of Kansas.

8.      Based on information and belief, Defendant Mc of KS employs more than five hundred employees.

9.      Defendant Mc of KS is a corporation authorized and doing business in the state of Kansas.

10.     At all times mentioned herein, each of the Defendants' employees named in this Petition were the agents, servants and employees of Defendants.

## JURISDICTION AND VENUE

11.     This court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

13.     On or about September 7, 2011, Plaintiff filed a timely Charge of Discrimination with Equal Employment Opportunities Commission (EEOC).  A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.

14.     On or about March 13, 2012, Plaintiff was mailed his right-to-sue notice pursuant to Title VII.  A Copy of the right to sue is attached hereto as Exhibit C and is incorporated herein by reference.

15.     This action has been filed with this Court within 90 days of Plaintiff's receipt of his right-to-sue notice from the EEOC.  Plaintiff has therefore fully complied with all administrative prerequisites before filing this action.

## GENERAL ALLEGATIONS

16.     Plaintiff was an employee of Defendants Mc Corp., Mc USA, and Mc of KS. which together form an integrated enterprise, as demonstrated by the following:

- Defendants' represented to the EEOC that Plaintiff's employer was Defendant Mc of KS.

- Plaintiff's employment application was for employment with Defendant Mc USA and is titled as such.

- The policies Plaintiff received indicated that Plaintiff was an employee subordinate to "The Vice President of Human Resource of McDonald's

3

USA, LLC," herein referred to as Defendant Mc USA.

- Plaintiff received disciplinary forms from "McDonald's Corporation," herein referred to as Defendant Mc Corp.

- Plaintiff signed an "Acknowledgement of Policies" with "McOpCo," herein referred to as Defendant Mc USA.

- Plaintiff signed a "Pre Orientation Checklist" with "McOpCo," herein referred to as Defendant Mc USA.

- Defendants supplied the EEOC with sexual harassment policies "For McOpCo Employees," herein referred to as Defendant Mc USA, and represented that these policies were "McDonald's sexual harassment policy," suggesting they were the policies provided to Plaintiff during his employment with the Defendants.

17.     Plaintiff began his employment with Defendants on or about June, 2008.

18.     In approximately December, 2010, Plaintiff met a new employee named Chris Crump.

19.     Mr. Crump was transferred to the 199 Parker location from another McDonald's restaurant.

20.     Mr. Crump and the General Manager of the 199 Parker location, Raj Singh, previously worked together at another McDonald's restaurant.

21.     Mr. Crump was Plaintiff's direct supervisor.

22.     Mr. Crump was a manager.

23.     Mr. Crump regularly and frequently made sexual comments to Plaintiff which included, but were not limited to, the following:

- I would so suck your dick.

4

- I keep a dildo in the shower to fuck myself.

- I was fucking this guy in the ass . . .

- I caught ass the other day.

- You have a nice ass.

- I have a special area in the back and we can do whatever you want.

24.     Mr. Crump also made disparaging comments about women which included, but were not limited to, the following:

- Their pussy's look like roast beef.

- If they don't use their equipment, it gets all crusty.

25.     Mr. Crump made remarks about Plaintiff's body to other employees which were communicated to Plaintiff.

26.     Plaintiff told Mr. Crump he was not interested in men or that kind of talk.

27.     Mr. Crump continued to make sexual comments to and about Plaintiff.

28.     Plaintiff made complaints to a store manager about Mr. Crump's sexual comments.

29.     Later, Plaintiff met with Mr. Crump while another employee participated as a witness and told Mr. Crump again that he did not like being talked to in a sexual manner.

30.     Mr. Crump began to "write-up" Plaintiff.

31.     Plaintiff complained the store manager about sexual harassment and retaliation.

32.     Mr. Crump then sent Plaintiff home early and threatened to suspend him.

33.     Plaintiff registered a complaint with "Heidi," from the corporate Human

Resources Department.

34.     After receiving little to no response from the Human Resources Department and being aware of NO investigation, Plaintiff's parent registered concerns about Mr. Crump's conduct and the company's reaction at that point.

35.     On or about August 24, 2011, Plaintiff's employment was terminated by the store manager, Raj Singh.

36.     Defendants knew or should have known of the sexual harassment and discrimination described herein and of the hostile, offensive and intimidating work environment existing at the work site.

37.     Defendants failed to respond timely, adequately, and effectively to Plaintiff's complaints of sexual harassment and discrimination.

38.     At all times mentioned herein, before and after, the above described perpetrators were agents, servants and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendants. Therefore, Defendants are liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
### Title VII- Sexual Discrimination and Sexual Harassment

COMES NOW Plaintiff and for Count I of his Complaint against all Defendants alleges and states follows:

39.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

40.     During the course of Plaintiff's employment Defendants' representative,

acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination and sexual harassment against Plaintiff, based on his sex, in violation of § 703(a) of Title VII, 42 U.S.C.§ 2000e-2(a) and § 2000e-3(a).

41.   The harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

42.   The conduct as described herein would have offended a reasonable person of the same sex in Plaintiff's position.

43.   Management level employees knew, or should have known, of the sexual harassment and sexual discrimination described herein, but failed to take appropriate remedial action.

44.   By failing to conduct a prompt and thorough investigation of Plaintiff's allegations and of other witnesses, Defendants exacerbated the sexually hostile environment and sexual discrimination in Plaintiff's work place.

45.   Defendants, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

46.   As a direct and proximate cause of the actions and conduct set forth herein; Plaintiff has, is and will continue to suffer damages, including lost wages and benefits, emotional distress, loss enjoyment of life and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of his Complaint, for a finding that he has been subjected to unlawful sexual harassment and discrimination prohibited by 42 U.S.C. 2000(e) *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits

including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment; for her costs expended; for his reasonable attorneys' and expert fees provided by 42 U.S.C. §2000(e) -5(k); and for such other and further relief the Court deems just and proper.

**COUNT II**
**Title VII-Retaliation**

COMES NOW Plaintiff and for Count II of his Complaint against all Defendants alleges and states follows:

47.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

48.    Plaintiff's complaints concerning the sexual harassment he was subjected to constituted a protected activity.

49.    By reason of Plaintiff's complaints, Defendants retaliated against Plaintiff.

50.    Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of her federally protected rights.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and to deter them and other companies from engaging in similar conduct.

51.    Defendants' retaliatory actions against Plaintiff caused him to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against all Defendants on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. 2000(e) *et seq.;* for an award of back pay, including lost fringe

8

benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement to a non-hostile, offensive or intimidating work environment where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment; for his costs expended; for his reasonable attorneys' and expert fees provided by 42 U.S.C. 2000(e)-5(k); and for such other and further relief the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

Respectfully Submitted

**HOLMAN SCHIAVONE, LLC**

By:   /s/ Thomas F. Ralston
    Kirk D. Holman, KS Bar# 19558
    Anne Schiavone, KS Bar# 19669
    Thomas F. Ralston, KS Bar# 78212
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    Email: kholman@hslawllc.com
    Email: aschiavone@hslawllc.com
    Email: tralston@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 563- |
| ☒ EEOC | 2011-01867 |

State or local Agency, if any _____ and EEOC

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Jared Morss | 913-944-0691 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 629 South Montclaire | Olathe, Kansas 66061 | ▓▓91 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| McDonald's Corp. and McOp Co. | 501+ | (913) 829-6185 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 199 N Parker Street | Olathe, Kansas 66061-3139 | Johnson |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ AGE
☒ RETALIATION   ☐ National Origin   ☐ DISABILITY   ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE |
|---|
| EARLIEST (ADEA EPA)   LATEST (ALL) |
| December, 2010   -   August 24, 2011 |
| ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

I am a Caucasian, male and my national origin is the United States.

I began working for this entity on or about June, 2008. I had very few write-ups, maybe one or two, before I ever made complaints of sexual harassment I was enduring by my immediate supervisor, Chris Crump. I first met Mr. Crump when he was transferred to our 199 N. Parker location in or about December, 2010. Mr. Crump made sexual comments on a weekly, if not daily basis. These comments include but are not limited to the following: (1) I would so suck your dick, (2) I keep a dildo in the shower to fuck myself, (3) I was fucking this guy in the ass, (4) I caught ass the other day, (5) You have a nice ass, and (6) I have a special area in the back and we can do whatever you want. Based on the above comments, I believed Mr. Crump had a sexual interest in me and was using his authority to proposition me. However, Mr. Crump regularly made disparaging sexual comments about female employees and customers: "Their pussys look like roast beef sandwiches," "If they don't use their equipment it gets all crusty."

I verbally objected to all of Mr. Crump sexual advances. I complained to the Store Manager, Rajvir, about the sexual harassment and Mr. Crump's propositions. The sexual comments continued and Mr. Crump began to retaliate against me. I then made complaints Corporate HR. They said they would immediately investigative but did not. I meet with Corp HR again. Then was fired.

I was sexually harassed and retaliated against in violation of Title VII.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| September 1, 2011 | SIGNATURE OF COMPLAINANT |
| Jared J. Morss | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date          Charging Party (Signature) | |

2011 SEP -1 AM 10:59

# EXHIBIT B

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

To:  Jared Morss
629 South Montclaire
Olathe, KS 66061

From:  Kansas City Area Office
Gateway Tower II
400 State Avenue
Kansas City, KS 66101

☐  On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2011-01867 | Faye Watts, Investigator | (913) 551-5841 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Maggie Wells for*                                    3-13-12

Enclosures(s)

**Billie P. Ashton,**
**Director**

*(Date Mailed)*

cc:  **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
**Attention: Nicole Hininger Howell**
**Attorney at Law**
**Park Central Plaza**
**4717 Grand Avenue, Suite 300**
**Kansas City, MO 64112**

**HOLMAN SCHIAVONE, LLC**
**Attention: Thomas Ralston**
**Attorney at Law**
**4600 Madison**
**Suite 810**
**Kansas City, MO 64112**